IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | NO. 2:17-CR-043-D(02) |
| BENIGNO PAEZ (02) | |

## FACTUAL RESUME

In support of Benigno Paez's plea of guilty to the offenses in Counts one and two of the Superseding Information, Paez, the defendant, Ryan Brown, the defendant's attorney, and the United States of America (the government) stipulate and agree to the following:

## ELEMENTS OF THE OFFENSE

To prove the offense alleged in count one of the superseding information, charging a violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), that is, Possession with Intent to Distribute Methamphetamine, the government must prove each of the following elements beyond a reasonable doubt:[1]

*First.*   That the defendant knowingly possessed a controlled substance;

*Second.*   That the substance was in fact methamphetamine; and

*Third.*   That the defendant possessed the substance with the intent to distribute it.

---

[1] Fifth Circuit Pattern Jury Instruction 2.93 (5th Cir. 2015 ed.).

Factual Resume—Page 1

To prove the offense alleged in count two of the superseding information, charging a violation of 18 U.S.C. § 924(c)(1)(A), that is, Possession of a Firearm in Furtherance of a Drug Trafficking, the government must prove each of the following elements beyond a reasonable doubt:[2]

*First.*     That the defendant committed the crime alleged in count one of the superseding information; and

*Second.*     That the defendant knowingly possessed a firearm in furtherance of the defendant's commission of the crime charged in count one.

## STIPULATED FACTS

1.     Benigno Paez admits and agrees that on or about April 30, 2017, in the Amarillo Division of the Northern District of Texas, and elsewhere, Benigno Paez, defendant, did knowingly and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

2.     Furthermore, Paez admits and agrees that on or about April 30, 2017, in the Amarillo Division of the Northern District of Texas, and elsewhere, Paez, defendant, did knowingly possess a firearm to wit: a stainless Colt Commander, .45 ACP, serial number CJ46658, in furtherance of a drug trafficking crime, that is, Possession with Intent to Distribute Methamphetamine, in violation of 18 U.S.C. § 924(c)(1)(A).

---

[2] Fifth Circuit Pattern Jury Instruction 2.44 (5th Cir. 2015 ed.).

3. On April 30, 2017, Drug Enforcement Administration (DEA) Task Force Officer (TFO) Vern Wilson, working in an undercover capacity, made phone contact with a subject known as "Chicago," who was known to sell large quantities of methamphetamine and cocaine in Amarillo, Texas. DEA agents later learned that "Chicago" was Eliazar Rocha. Through text communications, TFO Wilson and Rocha agreed to meet in the parking lot of the Burlington Coat Factory located at 2201 S. Western, Amarillo, Texas.

4. Rocha sent a text message to TFO Wilson that he was getting "it" ready and it would be approximately two hours. Agents believed "it" was referring to methamphetamine. Approximately two hours later, Rocha arrived at the meet location at the Burlington Coat Factory with a passenger in his car, later identified as Andres Hernandez Jr. Rocha exited his vehicle and met with TFO Wilson and TFO Ponce. Rocha agreed to go get six pounds of methamphetamine for TFO Wilson and TFO Ponce for the agreed price of $5,500 per pound.

5. At approximately 5:47 p.m. Rocha and TFO Wilson agreed to meet at Home Depot located at 2410 S. Georgia, Amarillo, Texas, to conduct the drug transaction. Rocha arrived at the meet location in a Chevrolet Malibu with three other individuals. The driver of the vehicle was later identified as Benigno Paez. The front passenger was later identified as Andres Hernandez Jr., and the back passenger with Rocha was later identified as Arnulfo Sauceda.

6. Rocha exited the Chevrolet Malibu carrying a large brown box and got in the undercover vehicle. Rocha showed TFO Wilson and TFO Ponce the suspected

methamphetamine that was located inside the box. Based on the TFO Wilson's training and experience, he believed the crystal like substance was methamphetamine. Paez admits that he knowingly possessed this suspected methamphetamine.

7. TFO Wilson and TFO Ponce told Rocha that they did not have the money on them. Rocha then exited the vehicle with the box containing the methamphetamine. Rocha got back inside the Chevrolet Malibu.

8. An arrest team moved in and arrested all four subjects inside the vehicle, including Rocha. Agents searched the vehicle and located the brown box with the suspected methamphetamine. Agents also located a firearm, to wit: a stainless Colt Commander, .45 ACP, serial number CJ46658, in the glove box. Agents later learned the firearm was stolen. Paez admits he knowingly possessed this firearm.

9. Agents read Rocha his *Miranda* warnings, and Rocha agreed to be interviewed. Rocha told DEA agents that the methamphetamine came from a residence located at 1317 North Cleveland, Amarillo, Texas, which was corroborated during surveillance conducted on April 30, 2017.

10. A search warrant was obtained and executed at the residence located on 1317 N. Cleveland, Amarillo, Texas. Agents learned that Sauceda was currently residing at the residence. During a search of the residence, agents located approximately four pounds of suspected methamphetamine in a plastic container in the bathroom. Agents also located Igloo containers with suspected liquid methamphetamine being converted to a finished solid product. Agents collected samples of the liquid methamphetamine.

11.     The methamphetamine was sent to the DEA South Central Laboratory. On June 27, 2017, the DEA South Central Laboratory confirmed that the substance was in fact methamphetamine, a Schedule II controlled substance. The methamphetamine the agents seized from the vehicle had a net weight of 2,622 grams with a purity level of 95 percent. The methamphetamine the agents seized at 1317 N. Cleveland during the search warrant had a net weight of 1,846 grams with a purity level of 97 percent. The samples from the Igloos also were confirmed to contain methamphetamine. This quantity of methamphetamine indicates that it was intended for further distribution and not Paez's personal use.

12.     Paez admits that the firearm described in this factual resume furthered, advanced, or helped forward his possession with intent to distribute methamphetamine. That is, the firearm furthered the drug trafficking crime by providing protection for Paez and his co-conspirators during the drug transaction with TFO Wilson and TFO Ponce.

AGREED TO AND STIPULATED on this 3 day of August, 2017.

                                        JOHN R. PARKER
                                        UNITED STATES ATTORNEY

_____       _____
BENIGNO PAEZ                         JOSHUA FRAUSTO
Defendant                                   Assistant United States Attorney
                                              Texas State Bar Number 24074228
                                              500 South Taylor Street, Suite 300
_____       Amarillo, Texas 79101-2446
RYAN BROWN                           Tel: 806-324-2356
Attorney for Defendant          Fax: 806-324-2399
                                              Email: joshua.frausto@usdoj.gov