**United States District Court**
**for the Northern District of Texas**

<u>AMARILLO</u>    Division

$\cancel{M}$SEP 10 2024 PM2:29
FILED - USDC - NDTX - AM

United States of America,
*Plaintiff,*

<u>FCI BASTROP</u>
Place of Confinement

v.

<u>55694-177</u>
Federal Register Number

<u>BENIGNO PAEZ</u>,
*Defendant.*

<u>2:17-CR-00043-D-BR</u>
Criminal Case Number

<u>**Defendant's Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2)**</u>
<u>**and Amendment 821 to the Federal Sentencing Guidelines**</u>:

<u>__X__</u>    **Based on U.S.S.G. § 4C1.1 Adjustment for Zero-Point Offenders (for those assessed zero criminal history points at sentencing)**

____    **Based on U.S.S.G. § 4A1.1(d) & (e) Criminal History Category (for those who received "status" points for being under a criminal justice sentence at the time of the offense)**

---

**Instructions - Read Carefully**

1.    The court has received your request regarding a sentence reduction under Amendment 821 to the Sentencing Guidelines (effective November 1, 2023). You must complete this form motion and return it to the appropriate divisional office listed in instruction 3, below, to enable the court to consider your request. This form should only be used when requesting a sentence reduction pursuant to Amendment 821 to the Sentencing Guidelines and for no other purpose. Amendment 821 provides for reduction in offense level for certain offenders with zero criminal history points (U.S.S.G. § 4C1.1) and reduces or eliminates status points for certain offenders who previously received status points pursuant to U.S.S.G. § 4A1.1(d). Amendment 825 authorizes retroactive reductions effective February 1, 2024 or later. A copy of your original request is included with this form for your reference.

2.    This motion must be legibly handwritten or typewritten. All questions must be briefly answered in the proper space on the form.

Page 1 of 5

3. Completed motions must be mailed to the **Clerk of the United States District Court for the Northern District of Texas** at the appropriate divisional office below:

| **Abilene Division** | **Amarillo Division** | **Dallas Division** |
|---|---|---|
| 341 Pine Street | 205 SE 5th Avenue | 1100 Commerce Street |
| Room 2008 | Room 133 | Room 1452 |
| Abilene, TX 79601 | Amarillo, TX 79101 | Dallas, TX 75242 |
| | | |
| **Fort Worth Division** | **Lubbock Division** | **San Angelo Division** |
| 501 W. 10th Street | 1205 Texas Avenue | 33 East Twohig Avenue |
| Room 310 | Room 209 | Suite 202 |
| Fort Worth, TX 76102 | Lubbock, TX 79401 | San Angelo, TX 76903 |

**Wichita Falls Division**
501 W. 10th Street
Room 310
Fort Worth, TX 76102

4. Questionnaires that do not follow these instructions will be returned, and the mistake will be identified.

### Questionnaire

1. Name and location of court that entered the sentence that you are asking to reduce:

   U.S. DISTRICT COURT – NORTHERN DISTRICT OF TEXAS – AMARILLO DIVISION

2. Date(s) of sentence and judgment of conviction:

   NOVEMBER 29, 2017

3. Are you currently in prison for this sentence?

   __X__ Yes _____ No .

4. If so, when is your projected date of release? __September 09, 2035__

5. Are you currently on supervised release? _____ Yes __X__ No

6. Are you currently in prison because you violated your supervised release for the conviction and sentence identified in response to Questions No. 1 and 2?

   _____ Yes __X__ No

7.    Is your case currently on appeal? _____Yes ___x___No

8.    Offense(s) for which you were convicted (all counts):

**Possesion with intent to distribute methamphetamine in violation** of

**21 U.S.C. §§ 841(a)(1) and (b)(1)(C).** _____

_____

9.    In calculating the applicable sentencing guideline range, were you assessed any criminal history points (U.S.S.G. § 4A1.1)?

___x___ Yes _____ No _____ Not Sure

9a.    **If the answer to Question 9 is "No,"** check the box for all statements that apply to your conviction and sentence:

☒ I received criminal history points from Chapter Four, Part A;

☐ I received an adjustment under § 3A1.4 (Terrorism);

☐ I used violence or credible threats of violence in connection with the offense;

☐ the offense resulted in death or serious bodily injury;

☐ the instant offense of conviction is a sex offense;

☐ I personally caused substantial financial hardship;

☐ I possessed, received, purchased, transported, transferred, sold, or otherwise disposed of a firearm or other dangerous weapon (or induced another participant to do so) in connection with the offense;

☐ the instant offense of conviction is covered by § 2H1.1 (Offenses Involving Individual Rights);

☐ I received an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense);

☐ I received an adjustment under § 3B1.1 (Aggravating Role) or was engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848; or

☐ none of the statements above applies to my case.

Page 3 of 5

10. **If the answer to Question 9 is "Yes,"** were you assessed criminal history points for being "under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status" at the time of the offense (a.k.a. "status points") (U.S.S.G. § 4A1.1(d))?

    _____Yes    __X__No    _____ Not Sure

11. **If the answer to Question 10 is "Yes,"** how many criminal history points were assessed in total, including the "status points"?

    _____ Criminal History Points

12. If you were sentenced on or after April 5, 2023, did the Court provide the benefit of the "status points" or "zero-point offenders" amended guidelines at your sentencing hearing prior to the effective date?

    _____ Yes _____ No _____ Not Sure

13. List any good conduct that occurred after your original sentencing hearing or any other mitigating circumstances that you would like the Court to be aware of in deciding whether you should receive a sentence reduction (for example, participating in a drug treatment program, or completing your GED or another degree).

    I believe the Court should disregard my criminal history points in this matter pursuant to U.S.S.G. § 4A1.3(b) because my criminal history category severely overstates my past criminality and risk of future recidivism. I have obtained my G.E.D. while incarcerated and I am completing a Dept. of Labor apprenticeship in welding. I have a clear disciplinary record and have devoted my time in prison to rehabilitation as evidenced by my extensive history of educational, vocational, and substance abuse institutional programming. Also, if sentenced today I would be eligible for downward departure.

For the reasons stated in this motion, I move the court for a reduction in sentence under 18 U.S.C. § 3582(c)(2) and Amendment 821 to the Federal Sentencing Guidelines. I declare under penalty of perjury that the facts stated in this motion are true and correct.

Respectfully submitted this _____ September, 4 _____, 20 24.

_____
Signature of Defendant

Benigno Paez
Printed Name

55694-177
BOP No.

FCI Bastrop Low
Federal Correctional Institution (if applicable)

PO Box 1010
Address

Bastrop, TX 78602-1010
City, State & Zip Code

Page 5 of 5

Benigno Perez #55694-177
Federal Correctional Institution
Bastrop Low
PO Box 1010
Bastrop, Texas 78602

Legal mail

RECEIVED
SEP 1 0 2024
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

Austin
THU 05 SEP 2024

⇔55694-177⇔
Us District Court
205 SE 5TH AVE
Room 133
Amarillo, TX 79101
United States

**Federal Correction Institution**
Bastrop, Texas  78602
Date: _____

The enclosed letter was processed
through special mailing processes
for forwarding to you. The letter has
been neither opened nor inspected.
If the writer raises a question or
problem over which this facility has
jurisdiction you may wish to return
the material ____ ____ information
or clarification. If the writer encloses
correspondence for forwarding to
another addressee, please return
the enclosure to the above address.

