IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Criminal No. 2:17-CR-043-D(02) |
| VS. | § | |
| | § | |
| BENIGNO PAEZ, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

Defendant Benigno Paez ("Paez") moves for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) and the First Step Act of 2018. For the reasons that follow, the court denies the motion.

I

Paez pleaded guilty to possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(C) (count 1) and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (count 2). On November 29, 2017 the court sentenced him to 188 months' imprisonment as to count 1 and 60 months' imprisonment as to count 2, to run consecutively to one another, followed by 3 years of supervised release as to count 1 and 3 years of supervised release as to count 2, to run concurrently. On September 10, 2024 Paez filed a motion to reduce sentence under 18 U.S.C. § 3582(c)(2) based on Amendment 821 to the United States Sentencing Guidelines, which the court denied.

On December 30, 2025 Paez filed the instant motion for sentence reduction under 18 U.S.C. § 3582(c)(1)(A) and the First Step Act of 2018. The court ordered the government to file a response no later than January 27, 2026. When the government (uncharacteristically) failed to file a response, the court entered a second order, this time directing the government to respond no later than April 15, 2026. The government has failed yet again to respond. Because the government has been given a fair opportunity to respond to Paez's motion, the motion is now ripe for a decision without further delay.

II

A

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the [Federal Bureau of Prisons ("BOP")] or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692-93 (5th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)); *see also id.* at 693 n.1.[*] When deciding whether to modify a term of

---

[*]Paez contends in his motion that he has filed a request for compassionate release to the Warden at FCI Bastrop, but he has not received a response and 30 days have lapsed from the receipt of the request. D. Mot. 15. Because doing so does not change the outcome of the decision on Paez's motion, the court will assume *arguendo* that he exhausted his administrative remedies, as required under 18 U.S.C. § 3582(c)(1)(A).

imprisonment, the court must "consider[] the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). Of course, it is now well settled that "neither the policy statement" of the Sentencing Commission "nor the commentary to it binds a district court addressing a prisoner's own motion under § 3582." *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021). To be clear, the court does *not* consider itself to be bound by U.S.S.G. § 1B1.13 in deciding this § 3582(c)(1)(A) motion brought by a prisoner.

B

Paez moves for compassionate release based on alleged extraordinary and compelling reasons. [D. Mot. 16] He contends that, under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Alleyne v. United States*, 570 U.S. 99 (2013), if he was sentenced today, he would receive a lower sentence; that methamphetamine drug purity is not a proxy for culpability and the Sentencing Guidelines' reliance on drug purity as a factor for determining an individual's role within the organization is outdated and irrelevant in today's drug landscape; two judges in the Northern District of Iowa have announced that they disagree with on policy grounds, and will no longer follow, the marihuana equivalency called for in the Sentencing Guidelines when imposing sentences in cases involving actual methamphetamine and ice, and this court also has the discretion to disagree with the Sentencing Guidelines on policy grounds; that there is an unwarranted sentence disparity among defendants with similar records who have been found guilty of similar conduct who were sentenced before and after December 21, 2018; and that Paez's rehabilitation efforts while in prison have been "nothing

- 3 -

short of remarkable," D. Mot. 34.

Because the court concludes below that Paez's motion should be denied after considering the § 3553(a) factors, it will assume *arguendo* that Paez has shown an extraordinary and compelling reason. *See, e.g.*, *United States v. Rudzavice*, 831 Fed. Appx. 731, 732 (5th Cir. 2020) (per curiam) (declining to decide whether risk of reinfection during COVID-19 pandemic constituted extraordinary and compelling reason for compassionate release because district court did not abuse its discretion by concluding that defendant remained danger to safety of others and that his immediate release would not be in the interest of justice and would minimize the seriousness of his crimes).

III

The court now considers the § 3553(a) factors. As noted, when deciding whether to modify a term of imprisonment, the court must "consider[] the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A); *see also Shkambi*, 993 F.3d at 393 ("The district court on remand is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)."). Under § 3553(a)(2), the court can consider such factors as "the need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from further crimes of the defendant[.]" "[C]onsideration of the pertinent § 3553(a) factors functions as a reliable cross-check against (and can result in the veto of) the preliminary conclusion that there are extraordinary and compelling reasons to reduce [a defendant's]

- 4 -

sentence." *United States v. Rainwater*, 2021 WL 1610153, at \*3 (N.D. Tex. Apr. 26, 2021) (Fitzwater, J.). "When a district court denies a motion for compassionate release, it must give "'specific factual reasons" for its decision.'" *United States v. Stanford*, 79 F.4th 461, 463 (5th Cir. 2023) (quoting *United States v. Handlon*, 53 F.4th 348, 351 (5th Cir. 2022)).

In this case, Paez is currently serving a 188-month sentence for possession with intent to distribute a large amount of methamphetamine, a drug that is extremely deleterious to users and the community at large, and for possession of a firearm in furtherance of a drug trafficking crime. At the time of sentencing, Paez fell into criminal history category IV based on multiple prior adult convictions. He is not eligible for release from prison until December 16, 2035. If the court grants his motion, it will be ordering him released more than *9 years* before he would otherwise be eligible. In the court's view, the sentence that the court originally imposed is required to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, and to afford adequate deterrence to criminal conduct. Consideration of the remaining factors does not persuade the court that a lower sentence would be sufficient, but not greater than necessary, to comply with the purposes set forth in § 3553(a)(2). *See Chambliss*, 948 F.3d at 694 (holding that district court did not abuse its discretion in denying compassionate release on grounds that, *inter alia*, "requiring [defendant] to serve the remainder of his sentence would 'provide just punishment for the offense' and 'afford adequate deterrence to criminal conduct.'").

Weighing the pertinent § 3553(a) factors together, the court concludes that Paez's sentence should not be reduced under 18 U.S.C. § 3582(c)(1)(A). *See, e.g., United States v.*

*Samak*, 832 Fed. Appx. 330, 331 (5th Cir. 2020) (per curiam) (affirming denial of motion for compassionate release and holding that district court did not abuse its discretion when it "specifically cit[ed] the nature of [defendant's] offense conduct, the need for the sentence imposed to reflect the seriousness of the offense, the need to protect the public, and the need to afford adequate deterrence to criminal conduct").

*    *    *

Accordingly, the court denies Paez's December 30, 2025 motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A).

**SO ORDERED**.

May 14, 2026.

                                              _____

                                              SIDNEY A. FITZWATER
                                              SENIOR JUDGE