IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

MAY 22 2026 AM8:40
FILED - USDC - NDTX - AM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Criminal No. 2:17-CR-043-D(02) |
| VS. | § | |
| | § | |
| BENIGNO PAEZ, | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT'S MOTION FOR RECONSIDERATION OF THE COURT'S MEMORANDUM OPINION AND ORDER DENYING COMPASSIONATE RELEASE

COMES NOW Defendant, BENIGNO PAEZ ("Mr. Paez"), appearing *pro se*, and respectfully moves this Honorable Court to reconsider its Memorandum Opinion and Order denying compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). See Doc. 203.[1] In support thereof, Mr. Paez respectfully shows the Court as follows:

## I. INTRODUCTION

On May 14, 2026, this Court entered a Memorandum Opinion and Order denying Mr. Paez's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). See Doc. 203. Although the Court assumed arguendo that Mr. Paez established extraordinary and compelling reasons warranting relief, the Court ultimately concluded that the sentencing factors set forth under 18 U.S.C. § 3553(a) weighed against a reduction in sentence. Respectfully, reconsideration is warranted because the Court's analysis did not fully account for the extraordinary post-sentencing rehabilitation evidence presented by Mr. Paez, the substantial sentencing disparity concerns raised in the motion,

---

[1] "Doc. __" refers to the docket entries in the United States District Court for the Northern District of Texas, Amarillo Division, in Criminal No. 2:17-CR-043-D(02), and is followed by the corresponding docket entry number."

the evolving legal landscape governing compassionate release jurisprudence, and the government's complete failure to respond despite two separate Orders directing it to do so.

Moreover, reconsideration is necessary to prevent manifest injustice and to preserve meaningful appellate review in light of developing Fifth Circuit and United States Supreme Court authority concerning the scope of district court discretion under § 3582(c)(1)(A). The Supreme Court currently has pending before it *Fernandez v. United States, Rutherford v. United States,* and *Carter v. United States*, cases that may substantially affect the legal standards governing compassionate release motions, particularly in light of Mr. Paez's extensive rehabilitation and demonstrated personal transformation. Section 3582(c)(1)(A) authorizes district courts to fashion an appropriate sentence reduction where warranted by the individualized circumstances of the defendant and the interests of justice.

Additionally, because Mr. Paez is proceeding *pro se*, his pleadings must be liberally construed and held to less stringent standards than formal pleadings drafted by attorneys. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hernandez v. Thaler*, 630 F.3d 420, 425 (5th Cir. 2011). Accordingly, this Court should broadly construe both Mr. Paez's original compassionate release motion and the mitigation evidence submitted in support thereof.

## II. STANDARD FOR RECONSIDERATION

Although the Federal Rules of Criminal Procedure do not expressly provide for motions for reconsideration, it is well established that district courts possess inherent authority to reconsider prior rulings in criminal proceedings. See *United States v. Cook*, 670 F.2d 46, 48 (5th Cir. 1982); *United States v. Healy*, 376 U.S. 75, 77-80 (1964). Reconsideration is appropriate where the Court has

overlooked material facts, failed to consider controlling legal authority, misunderstood a party's position, or where reconsideration is necessary to prevent manifest injustice. See *Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004).

Manifest injustice is particularly implicated where, as here, a defendant presents extensive unrebutted mitigation evidence, the government entirely fails to oppose the motion despite multiple court Orders directing a response, and the Court's ruling rests primarily upon the original offense conduct without fully addressing the defendant's post-sentencing transformation.

In the compassionate release context, district courts are required to conduct an individualized review of the defendant's circumstances and the sentencing factors under § 3553(a). See *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021). Furthermore, when denying compassionate release, district courts must provide sufficiently specific factual reasons to permit meaningful appellate review. See *United States v. Stanford*, 79 F.4th 461, 463 (5th Cir. 2023); *United States v. Handlon*, 53 F.4th 348, 351 (5th Cir. 2022).

## III. ARGUMENT

### A. The Court Did Not Fully Account for Mr. Paez's Extraordinary Post-Sentencing Rehabilitation

Respectfully, the Court's Order did not fully address the extensive evidence demonstrating Mr. Paez's extraordinary rehabilitation during his incarceration. The Supreme Court has repeatedly recognized that post-sentencing rehabilitation is highly relevant in sentence modification proceedings. See *Pepper v. United States*, 562 U.S. 476, 490-93 (2011). Likewise, the Supreme Court recently reaffirmed in *Concepcion v. United States*, 597 U.S. 481, 488-89 (2022), that district courts considering sentence modification proceedings may evaluate intervening developments and

post-sentencing conduct in determining whether relief is warranted.

Here, Mr. Paez submitted extensive documentation demonstrating years of meaningful rehabilitation and self-improvement while incarcerated. The record reflects that Mr. Paez has completed substantial educational, vocational, psychological, financial, parenting, and faith-based programming during his imprisonment. Among other accomplishments, Mr. Paez obtained his GED, completed UNICOR vocational training, participated in automotive electronic technician and electronic soldering courses, completed financial literacy and job readiness programming, participated in criminal thinking and substance abuse treatment courses, and completed numerous faith-based educational programs.

These efforts are not isolated achievements or minimal participation in prison programming. Rather, they demonstrate sustained and extraordinary efforts toward rehabilitation extending over many years of incarceration. Such rehabilitation bears directly upon the § 3553(a) factors, including the need to protect the public, promote deterrence, and impose a sentence sufficient but not greater than necessary to satisfy the purposes of sentencing.

Although the Court referenced the seriousness of the offense conduct and Mr. Paez's criminal history, the Court did not meaningfully explain why Mr. Paez's extensive rehabilitative efforts fail to mitigate concerns regarding dangerousness or recidivism. Nor did the Court fully address how Mr. Paez's transformation while incarcerated impacts the continuing necessity of the original sentence. Respectfully, reconsideration is warranted to permit fuller consideration of this substantial mitigation evidence.

Importantly, the government never argued that Mr. Paez presently poses a danger to the community. Nor did the Court identify any disciplinary history, violent institutional conduct, or

evidence suggesting that Mr. Paez remains a current danger after years of documented rehabilitation and self-improvement. To the contrary, the unrebutted record demonstrates sustained efforts toward education, vocational development, financial literacy, self-reflection, and lawful reintegration into society.

B. The Government's Complete Failure to Respond Is Highly Significant

The government was afforded multiple opportunities to oppose the motion, dispute Mr. Paez's rehabilitation evidence, contest the asserted sentencing disparities, or argue dangerousness under § 3553(a). It failed to do so. Under longstanding Fifth Circuit authority, arguments not raised are generally deemed waived or abandoned. See *United States v. Reagan*, 596 F.3d 251, 254 (5th Cir. 2010). Although the Court retained authority to independently evaluate the motion, the government's complete failure to participate in these proceedings left the mitigation evidence presented by Mr. Paez effectively unrebutted.

The government's failure to respond also deprived the Court of any adversarial presentation challenging Mr. Paez's rehabilitation evidence, current dangerousness assessment, or proposed release considerations, leaving the mitigation record entirely one-sided.

In its Memorandum Opinion and Order, the Court expressly acknowledged that the government failed to respond to Mr. Paez's compassionate release motion despite two separate Orders directing it to do so. See Doc. 203 at 2. The government's failure to respond is highly unusual and materially significant.

Although the Court was certainly authorized to independently evaluate the merits of the motion, the government's silence left unrebutted Mr. Paez's arguments concerning rehabilitation, sentencing disparities, evolving sentencing practices, and extraordinary circumstances. The

government offered no evidence contesting Mr. Paez's rehabilitation, no argument concerning dangerousness, and no response whatsoever to the sentencing disparity concerns raised in the motion.

Under these circumstances, the absence of any adversarial opposition heightened the importance of fully addressing the undisputed mitigation evidence presented by Mr. Paez. Respectfully, reconsideration is warranted because the Court's analysis relied primarily upon the seriousness of the underlying offense conduct and criminal history without fully addressing the extensive evidence demonstrating Mr. Paez's rehabilitation and personal transformation during his incarceration.

### C. The Court Did Not Fully Address Evolving Sentencing Practices Involving Methamphetamine Purity

Mr. Paez's compassionate release motion raised substantial concerns regarding the evolving treatment of methamphetamine purity calculations under the Sentencing Guidelines. Federal courts increasingly recognize that the Guidelines' distinction between methamphetamine mixture and "actual methamphetamine" often no longer accurately reflects an offender's relative culpability because high-purity methamphetamine has become commonplace throughout all levels of distribution.

Indeed, numerous federal courts have acknowledged policy disagreements with the methamphetamine Guidelines and have imposed downward variances based upon those concerns. See *Kimbrough v. United States*, 552 U.S. 85, 109-10 (2007). The growing recognition that methamphetamine purity may no longer serve as a reliable proxy for culpability contributes directly to the sentencing disparity concerns raised by Mr. Paez in his motion.

While the Court assumed *arguendo* that extraordinary and compelling reasons existed, the Court did not meaningfully address whether evolving sentencing practices and changing judicial perspectives regarding methamphetamine purity contribute to unwarranted sentencing disparities among similarly situated defendants sentenced before and after the First Step Act and the subsequent evolution of compassionate release jurisprudence.

This issue is particularly important in light of the Fifth Circuit's recognition that district courts possess broad discretion to consider individualized sentencing disparities and evolving legal developments when evaluating compassionate release motions. See *United States v. Jean*, 108 F.4th 275, 286-88 (5th Cir. 2024) (recognizing broad district court discretion to consider individualized circumstances, sentencing disparities, and intervening developments in compassionate release proceedings).

D. <u>The Court's § 3553(a) Analysis Does Not Fully Address Mr. Paez's Individualized Circumstances</u>

The Court concluded that the § 3553(a) factors weighed against relief based primarily upon the seriousness of the offense, Mr. Paez's criminal history category, and the amount of time remaining on his sentence. See Doc. 203 at 4-6. Respectfully, the Court's analysis did not fully address Mr. Paez's individualized circumstances or adequately explain why his extraordinary rehabilitation fails to alter the balance of the § 3553(a) factors.

Significantly, the Court did not reject Mr. Paez's showing of extraordinary and compelling reasons. Rather, the Court expressly assumed arguendo that such reasons existed. See Doc. 203 at 4. Thus, the primary issue before the Court is whether the § 3553(a) factors continue to justify the full remaining sentence notwithstanding Mr. Paez's extraordinary rehabilitation and post-sentencing

transformation.

The Fifth Circuit has made clear that district courts denying compassionate release must provide sufficiently specific factual reasons to permit meaningful appellate review. See *Stanford*, 79 F.4th at 463; *Handlon*, 53 F.4th at 351. Although the Court referenced the seriousness of the offense conduct, the Court did not fully explain why continued incarceration until 2035 remains necessary despite Mr. Paez's extensive rehabilitative efforts and demonstrated personal transformation. See also, *United States v. Malone*, 57 F.4th 167, 176-77 (4th Cir. 2023) (finding abuse of discretion where district court failed to adequately consider defendant's individualized mitigation evidence and post-sentencing rehabilitation).

Compassionate release jurisprudence requires courts to evaluate not merely who a defendant was at the time of sentencing, but who the defendant has become through years of incarceration, rehabilitation, and demonstrated self-improvement. See *Pepper*, 562 U.S. at 492-93; *Concepcion*, 597 U.S. at 488-89. Respectfully, the Court's analysis focused predominantly upon Mr. Paez's historical offense conduct and criminal history while giving insufficient weight to the extraordinary evidence demonstrating his present rehabilitative status.

Respectfully, the Court's analysis effectively reduced the compassionate release inquiry to a reconsideration of the original offense conduct and criminal history alone. However, Congress enacted the First Step Act specifically to permit district courts to reassess previously imposed sentences in light of post-sentencing rehabilitation, evolving sentencing considerations, and individualized equitable circumstances. If the seriousness of the original offense categorically outweighed years of extraordinary rehabilitation and demonstrated personal transformation, compassionate release would become effectively unavailable in nearly every serious federal case

regardless of subsequent rehabilitation or changed circumstances.

Nor did the Court meaningfully address whether a reduced sentence, as opposed to immediate release, could adequately satisfy the purposes of sentencing under § 3553(a). Compassionate release is not an "all or nothing" remedy. Indeed, § 3582(c)(1)(A) expressly authorizes district courts to reduce a sentence to a lesser term where appropriate under the individualized facts and circumstances of the case. Respectfully, the Court's Order does not meaningfully address why some lesser reduction in sentence would fail to satisfy the purposes of sentencing under § 3553(a), particularly in light of Mr. Paez's extensive rehabilitation and demonstrated personal transformation.Section 3582(c)(1)(A) authorizes district courts to fashion an appropriate sentence reduction where warranted by the individualized circumstances of the defendant and the interests of justice.

The Court's Order likewise does not explain why a sentence reduction short of immediate release would inadequately satisfy deterrence, protection of the public, or respect for the law in light of Mr. Paez's present rehabilitative status

Respectfully, reconsideration is warranted because the Court's Order did not fully analyze whether a lesser reduction in sentence could adequately reflect the seriousness of the offense while also accounting for Mr. Paez's extraordinary rehabilitation and the evolving sentencing landscape.

E. <u>The Pending Supreme Court Cases in Fernandez, Rutherford, and Carter May Materially Affect this Case</u>

The Supreme Court currently has pending before it *Fernandez v. United States, Rutherford v. United States*, and *Carter v. United States*, cases involving important and developing questions concerning the scope of district court discretion under § 3582(c)(1)(A). Those cases may directly affect whether nonretroactive changes in sentencing law, evolving sentencing disparities, and

individualized equitable considerations may constitute extraordinary and compelling reasons warranting relief.

Because those pending decisions may substantially affect the governing legal framework applicable to compassionate release motions, reconsideration is appropriate to preserve the integrity of the proceedings and prevent manifest injustice. At minimum, the Court should reconsider its ruling in light of the rapidly evolving jurisprudence surrounding compassionate release and the significant likelihood that forthcoming Supreme Court guidance may materially clarify the proper analysis under § 3582(c)(1)(A).

The First Step Act was enacted specifically to expand the use of compassionate release and to transfer substantial discretion from the Bureau of Prisons to the federal courts. Concepcion, 597 U.S. at 491-92. Respectfully, denying meaningful consideration to unrebutted rehabilitation evidence and evolving sentencing disparities risks undermining Congress's stated purpose in broadening compassionate release relief under the First Step Act.

IV. <u>CONCLUSION</u>

Mr. Paez fully recognizes the seriousness of his offense conduct and accepts responsibility for his actions. However, the unrebutted record demonstrates that he has spent years transforming himself through education, vocational achievement, rehabilitation programming, self-improvement, and sustained efforts toward lawful reintegration into society. Compassionate release requires courts to evaluate not only the offense conduct that brought a defendant to prison, but also the person the defendant has become while incarcerated. Here, the government declined to contest any of Mr. Paez's mitigation evidence despite being ordered twice to respond.

To the extent the Court again denies relief, Mr. Paez respectfully requests additional clarification concerning the weight assigned to his unrebutted rehabilitation evidence, the government's failure to respond, and the sentencing disparity issues raised herein so as to permit meaningful appellate review under *Stanford* and *Handlon*.

For the foregoing reasons, Mr. Paez respectfully requests that this Court reconsider its Memorandum Opinion and Order denying compassionate release, grant an appropriate reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), or alternatively conduct any further proceedings that the Court deems just and proper.

Respectfully, this case presents precisely the type of individualized post-sentencing review contemplated by the First Step Act. Mr. Paez has presented substantial unrebutted evidence of rehabilitation, self-improvement, and personal transformation. The government elected not to oppose the motion despite two direct Orders from the Court. Under these circumstances, reconsideration is warranted to ensure that the Court fully evaluates the totality of Mr. Paez's present circumstances, the evolving legal framework governing compassionate release, and the congressional purpose underlying § 3582(c)(1)(A).

Respectfully submitted,

Dated: May 19, 2026

BENIGNO PAEZ
REG. NO. 55694-177
FCI BASTROP
FEDERAL CORR. INSTITUTION
P.O. BOX 1010
BASTROP, TX 78602

## V. CERTIFICATE OF SERVICE

I hereby certify that on May 19, 2026, a true and correct copy of the above and foregoing Defendant's Motion for Reconsideration of the Court's Memorandum Opinion and Order Denying Compassionate Release was mailed via First Class U.S. Mail, postage prepaid, to Joshua Jerome Frausto, Assistant U. S. Attorney at U.S. Attorney's Office, 500 South Taylor Street, Amarillo, TX 79101.

BENIGNO PAEZ

BENIGNO PAEZ
REG. NO. 55694-177
FCI BASTROP
FEDERAL CORR. INSTITUTION
P.O. BOX 1010
BASTROP, TX 78602

May 19, 2026

Ms. Karen Mitchell
Clerk of Court
U.S. District Court
Northern District of Texas
Amarillo Division
205 SE 5th Avenue, Room 133
Amarillo, TX 79101-1559

RE: *United States v. Paez*
Crim No. 2:17-cr-00043-D-BR-2

Dear Ms. Mitchell:

Enclosed please find and accept for filing Defendant's Motion for Reconsideration of the Court's Memorandum Opinion and Order Denying Compassionate Release . Please submit this document to the Court.

Thank you for your assistance in this matter.

Sincerely,

BENIGNO PAEZ
Appearing *Pro Se*

*Encl. as noted*

PRIOR
FLAT

Click-N-Ship®

POSTAL SERVICE.

P

usps.com
$9.57
US POSTAGE

9405 5301 0936 5382 0770 55 0095 7000 0307 9101

05/19/2026
0 lb 4 oz

Mailed from 78602 445028094137927

PRIORITY MAIL®

REG. NO. 55694-177, FCI BASTROP, FEDERAL CORR. IN
BENIGNO PAEZ
PO BOX 1010
BASTROP TX 78602-1010

Created 2026-05-19
Flat Rate Envelope
RDC 03
C002

CLERK OF COURT, NORTHERN DISTRICT OF
KAREN MITCHELL
205 SE 5TH AVE # 133
AMARILLO TX 79101-1559

USPS TRACKING #

9405 5301 0935 5382 0770 55

RECEIVED
MAY 22 2026
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

UNITED STATES POSTAL SERVICE®

PRIORITY MA

- Expected delivery date specified for domestic use.
- Domestic shipments include $100 of insurance (restrictions apply).*
- USPS Tracking® service included for domestic and many internatio
- Limited international insurance.**
- When used internationally, a customs declaration form is required.

*Insurance does not cover certain items. For details regarding claims exclusions see th Domestic Mail Manual at *http://pe.usps.com.*

** See International Mail Manual at *http://pe.usps.com* for availability and limitations of

To schedule fr
scan th

USPS.C

FLAT RATE ENVELOPE

ONE RATE ■ ANY WEIGHT

TRACKED ■ INSURED

PS00001000014

EP14F October 2023
OD: 12 1/2 x 9 1/2

PAF
POU

This package is made from post-consumer waste. Please recycle - again.

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® and Priority Mail International® shipments. Misuses may be a violation of federal law. This package is not for resale. EP14F © U.S. Postal Service; October 2023; All rights reserved.