IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Criminal No. 2:17-CR-043-D(02) |
| VS. | § | |
| | § | |
| BENIGNO PAEZ, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

Defendant Benigno Paez ("Paez") moves for reconsideration of the court's May 14, 2026 memorandum opinion and order denying his motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) and the First Step Act of 2018. For the reasons that follow, the court denies the motion.

I

"Motions for reconsideration have a narrow purpose and are only appropriate to allow a party to correct manifest errors of law or fact or to present newly discovered evidence." *AMS Staff Leasing, NA, Ltd. v. Associated Contract Truckmen, Inc.*, 2005 WL 3148284, at *3 (N.D. Tex. Nov. 21, 2005) (Fitzwater, J.) (citation and internal quotation marks omitted); *see Kimberly-Clark Corp. v. Cont'l Cas. Co.*, 2006 WL 2468712, at *1 (N.D. Tex. Aug. 25, 2006) (Fitzwater, J.) (stating standard for motion for reconsideration).

## II

### A

In support of his motion for reconsideration, Paez contends, *inter alia*, that the court did not fully address the extensive evidence demonstrating his extraordinary rehabilitation[1] during his incarceration; that the government's failure to respond to his motion deprived the court of any adversarial presentation challenging Paez's rehabilitation evidence and left Paez's mitigation evidence effectively unrebutted; that the court failed to fully address evolving sentencing practices involving methamphetamine purity; that the court's analysis of the 18 U.S.C. § 3553(a) factors focused predominantly on Paez's historical offense conduct and criminal history while giving insufficient weight to the extraordinary evidence demonstrating his present rehabilitative status; and that the court failed to address whether a reduced sentence, as opposed to immediate release, could adequately satisfy the purposes of sentencing under § 3553(a).

---

[1]Paez contends that he

> has completed substantial educational, vocational, psychological, financial, parenting, and faith-based programming during his imprisonment. Among other accomplishments, Mr. Paez obtained his GED, completed UNICOR vocational training, participated in automotive electronic technician and electronic soldering courses, completed financial literacy and job readiness programming, participated in criminal thinking and substance abuse treatment courses, and completed numerous faith-based educational programs.

D. Mot. (ECF No. 204) at 4.

B

Paez pleaded guilty to possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(C) (count 1), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (count 2). As the court noted in its May 14, 2026 memorandum opinion and order, Paez was involved in very serious criminal conduct; he has a significant criminal history, placing him in category IV at sentencing based on multiple prior adult convictions; and he was sentenced to a term of imprisonment of 188 months. Ordering him to be released more than 9 years before he would otherwise be eligible, and after he had served less than half of his sentence, would not be in the interest of justice, would minimize the seriousness of his crime, and would fail to afford adequate deterrence to this type of criminal conduct. Although the court acknowledges that Paez has made efforts at rehabilitation while in prison,[2] it is unconvinced that these efforts outweigh the other 18 U.S.C. § 3553(a) factors, and Paez has not persuaded the court that it improperly considered any of these factors or that it improperly weighed them when deciding to deny his motion.

---

[2]The government has introduced evidence of Paez's prison disciplinary history, which includes an April 3, 2025 finding of guilt for using marijuana and fentanyl. This indicates that Paez's rehabilitation efforts have not been uniformly positive.

The court therefore concludes for these and the other reasons set out in its May 14, 2026 memorandum opinion and order that it should not grant Paez compassionate release under 18 U.S.C. § 3582(c)(1)(A). His motion for reconsideration is therefore denied.

**SO ORDERED**.

November 4, 2026.

SIDNEY A. FITZWATER
SENIOR JUDGE